IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM T. WULIGER, Receiver,

                Plaintiff,            Case No. 3:03 CV 963

-vs-

                                        MEMORANDUM OPINION

LARRY POYSER,

                Defendant.

KATZ, J.

This matter is before the Court on *pro se* Defendant's motion to set aside the default judgment and Plaintiff's opposition thereto. For the reasons that follow, Defendant's motion is denied.

**PROCEDURAL BACKGROUND**

At the initial Case Management Conference ("CMC"), scheduled for November 1, 2004, after granting the *pro se* Defendant's motion excusing him from attending the CMC in person, the Court was unable to reach the Defendant by telephone. The Court left him a message asking him to contact chambers as soon as possible. Also pending at the time was the Plaintiff's motion for sanctions for the Defendant's failure to comply with the CMC order regarding discovery insofar as the Defendant attempted to serve discovery requests despite the prohibition to that effect as stated in the CMC Order. As a result of these events, the Court issued a show cause order requesting a response from the Defendant as to why default judgment should not be granted, giving him a deadline to respond accordingly. (Doc. No. 20.)

The Defendant's response to the Show Cause order was timely filed, stating in pertinent part:

> In reference to the hearing date to which Poyser was asked to return a call to the court on November 1, 2004, Poyser apologizes to this court for his failure to return that call. The hearing date had slipped his mind and he became otherwise occupied with a job away from the telephone on that date. The message on his answering machine was not made known to him, until way past time for the hearing.
> Regardless, Poyser would have had no input for the conference and would have accepted any decision of the court as to any directives issued by the court.
> Poyser certainly did not, nor does not, wish to interfere with or hinder the court's ability to conduct its Case Management Conference, even though at present he does not believe there is anything to manage in this instant case that would require court supervision.

(Doc. No. 21.)

On April 19, 2005, Plaintiff's counsel and the Defendant participated in a telephonic status conference to set deadlines and a trial date. (Doc. No. 27.) At that time, the Defendant became aware and subsequently received an Order setting a final pretrial for December 5, 2005 at 3:30 p.m.

On the date of the final pretrial, the Court was unable to reach the Defendant by telephone and during the conference, counsel for the Plaintiff orally requested the Court consider granting a default judgment for a second failure to comply with a court order. The Court determined the

*pro se* Defendant to be in default and pursuant to Fed. R. Civ. P. 16(f)[1], granted Plaintiff default judgment for the amount of commissions earned as stated in the complaint.

### *PRO SE* DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

*A. Standard*

The premise behind Rule 60(b) is grounded in balancing the "need for truth outweighs the value of finality in litigation." *See* 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE, § 60.02[2], n.6 (3D ED. 2005). It follows that relief from judgment may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

In reviewing a motion under Rule 60(b), the Court's inquiry is limited to determining whether one of the specified circumstances exists in which Plaintiff is entitled to reopen the merits of its underlying claims. *See Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998).

---

[1] Fed. R. Civ. P. 16(f) states in pertinent part:
> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or a party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). . .

3

The Court is vested with discretion to make a Rule 60(b) determination. *See Douglass v. Pugh,* 287 F.2d 500, 502 (6th Cir. 1961). This discretion, in the context of a Rule 60(b) determination, must be exercised reasonably and according to accepted legal principles including those which hold the law disfavors meritless litigation and favors a determination of disputes on the merits. *See,* 11 MOORE'S FEDERAL PRACTICE § 60.22[2].

The specific considerations for the Court in determining whether relief is to be afforded on a default judgment include:

> (1) Whether culpable conduct of the defendant led to the default, (2) Whether the defendant has a meritorious defense, and (3) Whether the plaintiff will be prejudiced.

*Waifersong, Ltd. Inc., v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992), citing *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 829, 845 (6th Cir. 1983). More recently, the Sixth Circuit elaborated on the importance of the relevant factors in *Weiss v. St. Paul Fire and Marine Ins. Co.,* 283 F.3d 790, 794 (6th Cir. 2002), as follows:

> In *Waifersong,* we made clear that a party seeking to vacate default judgment under Rule 60(b)(1) must demonstrate first and foremost that the default did not result from his culpable conduct. That burden may be carried, we said, only by meeting the requirements of Rule 60(b)(1), that is, by "demonstrat[ing] that his default was by the product of mistake, inadvertence, surprise, or excusable neglect." *Waifersong*, 976 F.2d at 292. Only if the moving party makes this showing may the district court proceed to consider the other *United Coin Meter* factors. *Id.*

With this legal framework in mind, the Court now turns to the parties' contentions.

*B. Culpable Conduct*

The Supreme Court in *Pioneer Inv. Services v. Brunswick Assocs.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993) noted that the finding of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission."

Considerations relevant to the determination include: (1) the danger of prejudice to the opposing party; (2) the length of delay and potential impact upon the current proceedings; (3) the basis for the neglect and whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith.  *Id.*

In his motion, the Defendant concedes that "the only notice given to Poyser prior to the hearing was a written order filed on 4/19/05."  (Doc. No. 30, ¶ 2.)  The Defendant also contends that no "inquiry was made as to why Poyser was not available for the hearing."  *Id.* at ¶ 5.  As for his reasons for not being available for the telephonic conference, he states:

> 7) Poyser admits his was not available at 3:30 PM on December the 5th 2005, as he was out trying to earn a living.
>
> 8) Poyser further admits that the time and date completely slipped his mind and he apologizes to the court for this slip up.

*Id.*

This is not the first time in this litigation that the *pro se* Defendant failed to make himself available for participation in a telephonic status conference as evidenced by the above-noted history.  The docket reflects that prior to the April 2005 CMC conference, Defendant filed a notice advising the Court of a phone number at which he could be reached for the conference.  (Doc. No. 26.)  In addition, the Defendant was capable of filing a motion to excuse his presence (Doc. No. 16) at the initial November 2004 CMC, which was granted.  Therefore, the Defendant's statements regarding his *pro se* status do not afford him license to disregard a court order.  *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552 (6th Cir. 2000) (a willfully unrepresented party voluntarily assumes the risks and accepts the hazards which accompany self-representation).  Moreover, the failure to appear following a formal notice has

5

been deemed sufficient to constitute culpable conduct. *See Albright v. Alan Neuman Prods., Inc.,* 862 F.2d 1388, 1391-1392 (9th Cir. 1988), *cert. denied,* 493 U.S. 858 (1989).

There is no dispute that the Defendant had notice of the status conference but failed to apprize the Court of his unavailability. The default judgment was granted in a case nearly thirty months old after settlement attempts were not successful. As the basis for the culpable conduct was the Defendant's repeated non-adherence to a court order, the Court finds the Defendant has not satisfied this factor in favor of vacating the default judgment.

*C. Prejudice to Opposing Party*

It is well accepted that delay alone is insufficient to establish prejudice. *INVST Fin. Group, Inc. v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391, 298 (6th Cir. 1987). Instead it must be shown that the "delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Id.* (Citations and quotations omitted.)

Here, the Plaintiff argues prejudice need not be considered given the culpable conduct of the party. However, if the Court were to vacate the default and establish new dates for trial, significant time and expense would be incurred by both sides and this litigation would most likely enter into its third year of existence. As the docket reflects that neither side was preparing for trial, the prejudice factor does not appear to be significant in the present analysis.

*D. Meritorious Defense*

Under the third factor, the Court considers whether the Defendant has stated a defense good at law. *United Coin Meter Co.,* 705 F.2d at 845. This requires the movant to make claims, which if established at trial, would provide a valid defense. *See INVSTt Financial Group, Inc. v. Chem-Nuclear Sys. Inc.,* 815 F.2d at 398-399 quoting *United Coin*. The moving party must state

facts sufficient to determine whether its claim or defense is viable as a matter of law. The district court interpreting the defenses and claims by the movant may be generous in interpretation of those defenses. *See Keegle v. Key West & Carribean Trading Co. Inc.,* 627 F.2d 372, 374 (D.C. Cir. 1980) (considering motion to vacate entry of default).

A careful review of the Defendant's motion does not indicate assertions relating to a meritorious defense. Quite simply, the Defendant has not met his burden as to this factor.

Finally, the Defendant's arguments aimed at due process are likewise without merit. The Defendant had notice of the status conference as early as April 2005. Under Fed. R. Civ. P. 16(f), a court is authorized to impose various types of sanctions, including default judgment. *See* Fed. R. Civ. P. 16(f), Advisory Committee Notes.

## CONCLUSION

Taking into consideration the factors under *United Coin Meter*, the Court finds that Defendant has not satisfied those requirements. Accordingly, the Defendant's motion to set aside the default judgment (Doc. No. 30) is denied.

IT IS SO ORDERED.

                                                        s/ *David A. Katz*
                                                       DAVID A. KATZ
                                                       SENIOR U. S. DISTRICT JUDGE